# IN THE COURT OF APPEALS OF IOWA

No. 18-1368
Filed February 20, 2019

**IN THE MATTER OF THE GUARDIANSHIP AND CONSERVATORSHIP OF DIANA HANKEN,**

**DIANA HANKEN,**
      Ward-Appellant.

_____

      Appeal from the Iowa District Court for Marshall County, John J. Haney,

Judge.

      Diana Hanken challenges the denial of her request to execute a new will.

**AFFIRMED.**

      Christina I. Thompson of Phil Watson, P.C., Des Moines, for appellant.

      James W. Thornton of Thornton & Coy, PLLC, Ankeny, for appellee.

      Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

The district court appointed a guardian and conservator for eighty-six-year-old Diana Hanken after finding that she "suffered multiple strokes" that "drastically" worsened her confusion. Several months later, Hanken petitioned to terminate the guardianship and conservatorship. In part, she asked the court to afford her "the right to execute a new [w]ill, if she so chooses."

On the day of trial, Hanken's attorney informed the district court that an agreement had been reached to continue the guardianship and conservatorship and replace the current guardian and conservator. The primary issue left for trial, she asserted, was whether Hanken possessed the capacity to execute a new will.

Following trial, the district court determined Hanken lacked "the requisite testamentary capacity to make or execute a new will or codicil." On appeal, Hanken argues, "the district court incorrectly applied Iowa law in ruling that [she] does not have competency to execute a new will."

We begin with what is conceded. By agreeing a guardianship and conservatorship should continue, Hanken effectively acknowledged the standard for termination of the guardianship and conservatorship was not satisfied. *See* Iowa Code § 633.675 (2017). That standard requires proof the person's "decision-making capacity" is no longer "impaired." *Id.* § 633.675(1)(c). "Decision-making capacity" is tied to a ward's personal health and safety. *See In re Guardianship of Hedin*, 528 N.W.2d 567, 578 (Iowa 1995). Specifically, a guardianship and conservatorship is warranted if "the person is unable to care for the person's personal safety or . . . attend to or provide for necessities for the person such as food, shelter, clothing, or medical care," leaving a possibility of "physical injury or

illness." Iowa Code § 633.552(2)(a). It is undisputed that Hanken lacked "decision-making capacity."

But absence of "decision-making capacity" does not necessarily equate with absence of "testamentary capacity." *See id.* § 633.637.[1] In other words, a person who is under a guardianship and conservatorship may nonetheless possess testamentary capacity to transfer property. *See id.*; *Ward v. Sears*, 78 N.W.2d 545, 550–51 (Iowa 1956) ("It is settled in this state also that, though a person be under guardianship, he may yet be found competent to make a will."); *In re Guardianship of Driesen*, No. 08-1311, 2009 WL 1491871, at *3 (Iowa Ct. App. May 29, 2009) ("[T]he test for a guardianship is not the same as a test for capacity to amend a trust."). That said, "the fact of guardianship is presumptive proof of incompetency to make a will, and the burden is upon the proponent to overcome such presumption." *Ward*, 78 N.W.2d at 550; *Olson v. Olson*, 46 N.W.2d 1, 12 (Iowa 1951) ("[T]he fact that he is under guardianship with respect to his property under an adjudication that he is incompetent is presumptive evidence that he cannot dispose of his property now or by will."). The question, then, is whether

---

[1] The provision states:

> A ward for whom a conservator has been appointed shall not have the power to convey, encumber, *or dispose of property in any manner, other than by will if the ward possesses the requisite testamentary capacity*, unless the court determines that the ward has a limited ability to handle the ward's own funds. If the court makes such a finding, it shall specify to what extent the ward may possess and use the ward's own funds.
>
> Any modification of the powers of the ward that would be more restrictive of the ward's control over the ward's financial affairs shall be based upon clear and convincing evidence and the burden of persuasion is on the conservator. Any modification that would be less restrictive of the ward's control over the ward's financial affairs shall be based upon proof in accordance with the requirements of section 633.675.

Iowa Code § 633.637 (emphasis added).

Hanken overcame the presumption of impaired testamentary capacity. Because the challenge arises in the context of a guardianship-termination proceeding, our review is de novo. *See* Iowa Code section 633.33; *Hedin*, 528 N.W.2d at 581 ("[A] petition to terminate a guardianship is triable as a proceeding in equity. Our review then is de novo.").

A key piece of evidence is a psychological evaluation of Hanken. A professional with a doctorate in psychology reported that Hanken had "cognitive impairments . . . well outside of age expected limits and consistent with a progressive dementia." She diagnosed a "likely Alzheimer's component" to Hanken's dementia. She concluded: "The patient's cognitive impairments are such that she would have difficulty fully appreciating relevant aspects involved in making informed choices concerning complicated matters, such as those of a legal, financial, or medical nature."

This assessment lent credence to the presumption of testamentary incapacity. *See Brogan v. Lynch*, 214 N.W. 514, 515 (Iowa 1927) ("There is evidence, fairly conclusive in character, that the testatrix, at the time of the appointment of the guardian, was suffering from senile dementia and that her mental condition gradually grew worse."); *cf. In re Springer's Estate*, 110 N.W.2d 380, 388 (Iowa 1961) ("The fact decedent was under guardianship does not in this case raise a presumption of incompetency and make a case for the jury on that ground alone as contended by contestants. This was a voluntary guardianship under [the Iowa Code], and no presumption is raised."); *Olson*, 46 N.W.2d at 12 ("[P]laintiff fully carried the burden upon him of establishing that the guardianship of his property should be terminated."); *In re Willer's Estate*, 281 N.W. 155, 156–

57 (Iowa 1938) (rejecting assertion that a guardianship based on testator's excessive alcohol usage rendered him incompetent to draft a will).

In addition, a physician's assistant testified to Hanken's progressive dementia, an illness she characterized as hindering one's ability to perform more complicated tasks. Although she stated the dementia would not prevent Hanken from making a rational decision about her bequests, she acknowledged Hanken got "confused with questions that require[d] more of a narrative" and never discussed "the parties or assets directly." She also found no reason to dispute the medical findings contained in the psychological report.

Finally, Hanken's trial testimony failed to overcome the presumption of testamentary incapacity. As the district court stated, "When asked what [Hanken] wanted to put in her new will, she said, 'No, I haven't exactly. I have to think about it . . . . I haven't made a final decision.'" The court summarized her testimony as being "[a]t times . . . confused."

We conclude Hanken did not overcome the presumption of testamentary incapacity. We affirm the district court's denial of Hanken's request to make a new will.

**AFFIRMED.**